

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 9, 1958

Honorable John H. Winters      Opinion No. WW-429
Commissioner
State Department of      Re:   Is the State Department of
  Public Welfare                      Public Welfare authorized
Austin, Texas                            to make the necessary re-
                                         pairs and renovations to
                                         office space allocated to
                                         the Department rent-free
                                         by a municipality or county
                                         and to expend appropriated
Dear Mr. Winters:                      funds therefor?

         Your request for an opinion reads as follows:

         "We request your opinion as to whether this
Department is authorized to make necessary repairs
and renovations to office space allocated to the
Department rent-free by a municipality or county
and to expend appropriated funds therefor. Such
space or building being owned by such municipality
or county.

         "The Department is of the opinion that it is
authorized to make such necessary repairs and reno-
vations pursuant to the authority contained in
Subsection (7), Section 4 of Article 695c of Ver-
non's Texas Civil Statutes, Section 39 of Article
695c, Vernon's Civil Statutes, Items 58 and 87 of
the appropriation to the Department contained in
House Bill 133, Acts of the 55th Legislature.

         "Pursuant to Article 695c, this Department has
entered into various agreements whereby space is
allocated to the Department rent-free and the
Department makes certain necessary repairs and
renovations. Such repairs to include but not limit-
ed to painting walls, repairing floors, furnishing
removable partitions and fixtures, etc. Whenever
it is necessary to use non-expendable items (such
as partitions and fixtures) in making the repairs
and renovations, such items remain the property of
the State and is carried on the inventory of the
Department."

Subdivisions 5 and 7 of Section 4 of Article 695c, Vernon's Civil Statutes provide in part:

"(5) Assist other departments, agencies and institutions of the local State and Federal Governments, when so requested and cooperate with such agencies when expedient, in performing services in conformity with the purposes of this Act;

"(7) Establish and provide such method of local administration as is deemed advisable, and provide such personnel as may be found necessary for carrying out in an economical way the administration of this Act; . . . "

Section 39 of Article 695c, Vernon's Civil Statutes, provides:

"Sec. 39. No provision of this Act is intended to release the counties and municipalities in this State from the specific responsibility which is currently borne by those counties and municipalities in support of public welfare, child welfare, and relief services. Such funds which may hereafter be appropriated by the counties and municipalities for those services may be administered through the county or district offices of the State Department, and if so administered, shall be devoted exclusively to the services in the county or municipality making such appropriation."

Pursuant to the above quoted provisions, it is the duty of the Department of Public Welfare to cooperate with the municipalities and counties of this State in carrying out the program provided for in Title 20A of the Revised Civil Statutes of Texas, 1925.

Items 58 and 87 of the appropriation to the Department of Public Welfare contained in House Bill 133, Acts of the 55th Legislature, Chapter 385, provide:

"For the Years Ending
August 31,    August 31,
   1958          1959

"58. Rent, bond premiums, postage, telephone and telegraph, freight, express, drayage, stationery,


printed forms, office sup-
plies, equipment, repairs,
examining fees, medical ser-
vices, maintenance and mis-
cellaneous and contingent
expenses (includes Merit
System . . . . . . . . . .     $  188,895  $  188,895"

"87. Provided that in
addition to the appropriated
state funds for Child Wel-
fare Services, assistance
payments and administrative
expenses for the biennium,
the State Department of
Public Welfare is authorized
to accept from the Federal
Government any funds that
may be allocated by said
Government to the State
Department of Public Welfare
for Child Welfare Services,
assistance and administration;
and said Department can use
such Federal Funds allocated
for Child Welfare Services,
assistance payments and admin-
istrative expenses in addi-
tion to funds appropriated
for those purposes out of
State Funds, estimated to be   $93,353,121 $93,353,121"

In view of the provisions of Article 695c, the State
Department of Public Welfare is authorized to enter into agree-
ments with municipalities and counties for the purposes of
carrying out the Welfare Program. It is, therefore, our opinion
that the Department of Public Welfare is authorized to make
necessary repairs or renovation to office space allocated to
the Department by a municipality or county as outlined in the
request, and to expend appropriated moneys for such purposes.

## SUMMARY

The State Department of Public Welfare is
authorized to make necessary repairs or
renovation to office space allocated to

Honorable John H. Winters, Page 4 (WW-429).

                    the Department rent-free by a municipality
                    or county, and to expend appropriated
                    funds therefor.

                                    Yours very truly,

                                    WILL WILSON
                                    Attorney General of Texas

                              By John Reeves
                                    John Reeves
                                    Assistant

JR:mg:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Mark McLaughlin

J. Arthur Sandlin

Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY:

        W. V. Geppert